IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| ERIC ORLANDO REESE | ) | |

## ORDER

Before the court are Defendant's *pro se* motion for reduction of sentence under the First Step Act of 2018 (Doc. # 860) and Defendant's motion for appointment of counsel (Doc. # 861).   The motions are due to be denied.

The First Step Act of 2018, which became law on December 21, 2018, retroactively applies the Fair Sentencing Act of 2010's reduced statutory penalties for covered cocaine-base offenses.   *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010).   Section 404 of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."   Pub. L. No. 115-391 § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B).   In particular, Defendant refers to section 2 of the Fair Sentencing Act, which was designed to "alleviate the severe sentencing disparity between crack and powder cocaine."   *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).

Section 404 is the only provision of the First Step Act that applies retroactively to defendants who have already been sentenced.  Retroactive relief under the Act is available to defendants sentenced for a "covered offense," which § 404(a) defines as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010."   First Step Act, § 404(a).   Section 404 only amended the statutory penalties for crack-cocaine offenses.  *Id.*; *see also United States v. Gravatt*, 953 F.3d 258, 263–64 (4th Cir. 2020) ("[T]he Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) regarding powder cocaine.  Thus, an offense for possession with intent to distribute powder cocaine is plainly not a covered offense under the [First Step] Act.") (alterations added); *United States v. Sweat*, No. 5:07-CR-073-JMH-2, 2019 WL 1676004, at *1 (E.D. Ky. Apr. 17, 2019) ("[T]he First Step Act retroactively applies the reduced statutory penalties for cocaine base ('crack' cocaine) offenses in the FSA to 'covered offenses' committed before August 3, 2010.").

Defendant's prior sentence is not for a crack-cocaine offense.  A jury convicted Defendant of conspiring to possess with intent to distribute or to distribute at least 500 grams but less than 5 kilograms of cocaine hydrochloride, *i.e.*, powder cocaine.  (Doc. # 528, at 14.)  Defendant also was not held accountable for any

2

drug amounts involving crack cocaine.  (Doc. # 636, at 4, 19.)  For this reason, Defendant's claim for relief under the First Step Act fails because he was not convicted and sentenced for a qualifying "covered offense."[1]  First Step Act, § 404(a).  Hence, Defendant is not entitled to relief under the First Step Act.

Accordingly, it is ORDERED that Defendant's *pro se* motion for reduction of sentence under the First Step Act of 2018 (Doc. # 860) is DENIED.  It is further ORDERED that Defendant's motion for appointment of counsel (Doc. # 861) is DENIED.

DONE this 12th day of May, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] Additionally, it bears mentioning that Defendant was sentenced based upon application of the 2012 edition of the Sentencing Guidelines, which incorporated the amendments of the Fair Sentencing Act of 2010.  (Doc. # 636, at 8, ¶ 26.)