IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| ERIC ORLANDO REESE | ) | |

## ORDER

On June 4, 2013, Defendant Eric Orlando Reese was sentenced to 240 months' imprisonment after a jury convicted him of conspiracy to distribute controlled substances and aiding and abetting the unlawful use of a communication facility to further the conspiracy. (Doc. # 657.) Defendant subsequently received a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), resulting in a revised sentence of 193 months. (Doc. # 839.) Defendant is scheduled to be released from federal custody on February 24, 2027. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 10, 2026).[1]

Before the court is Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 1028.) Defendant seeks a sentence reduction based on nonretroactive amendments to the United States Sentencing Guidelines

---

[1] This court takes judicial notice of the public records maintained on the Federal Bureau of Prisons' website. *See* Fed. R. Evid. 201(c); *see also United States v. Basher*, 629 F.3d 1161, 1165 n.2 (9th Cir. 2011) (taking judicial notice of the Federal Bureau of Prisons' publicly accessible Inmate Locator records); *Naveleski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1300 n.25 (N.D. Fla. 2017) ("[I]t is not uncommon for courts to take judicial notice of factual information found on official governmental agency websites.").

under Amendments 790 and 829,[2] the alleged severity of his sentence, alleged sentence disparities among defendants with similar conduct, and his post-offense rehabilitation. The Government filed a response opposing the motion.[3] (Doc. # 1030.) For the reasons to follow, Defendant has not shown circumstances warranting a reduction in his sentence under § 3582(c)(1)(A).

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute." *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)) (further citation omitted), *cert. denied*, 144 S. Ct. 1041 (2024). Under § 3582(c)(1)(A), as relevant here, the court may reduce a defendant's sentence if three conditions are met: (1) the 18 U.S.C. § 3553(a) sentencing factors support the reduction; (2) "extraordinary and

---

[2] Amendment 829, effective November 1, 2024, revised the policy statement in U.S.S.G. § 5H1.1, providing that "[a]ge may be relevant in determining whether a departure is warranted." Amendment 790, effective November 1, 2015, is a clarifying amendment that restructured U.S.S.G. § 1B1.3, the relevant conduct guideline, to more clearly articulate the three-step analysis courts must apply "in determining whether a defendant is accountable for the conduct of others in a jointly undertaken criminal activity under § 1B1.3(a)(1)(B)." U.S.S.G. Suppl. to App. C, Amend. 790 (titled "Reason for Amendment"); *United States v. Barona-Bravo*, 685 F. App'x 761, 779–80 & n.16 (11th Cir. 2017). Only amendments listed in § 1B1.10(d) of the United States Sentencing Guidelines apply retroactively. Neither Amendment 790 nor Amendment 829 is listed in § 1B1.10(d). *See* U.S.S.G. § 1B1.10(d). In *Barona-Bravo*, the Eleventh Circuit determined that Amendment 790, as a clarifying amendment, applied to the defendant's case because it took effect during the pendency of the defendant's direct appeal. *See* 685 F. App'x at 779–80 & n.16. Defendant's direct appeal concluded prior to the effective date of Amendment 790. (*See* Doc. # 814.)

[3] The Government "assumes [Defendant] has exhausted his remedies." (Doc. # 1030 at 2.) Because the Government has not raised failure to exhaust under § 3582(c)(1)(A), the court can proceed to the merits of the motion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) ("Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional . . . .").

compelling reasons warrant such a reduction"; and (3) the reduction aligns "with applicable policy statements issued by the Sentencing Commission," specifically, U.S.S.G. § 1B1.13.  18 U.S.C. § 3582(c)(1)(A).  All three conditions must be satisfied for the district court to grant a motion for compassionate release.  *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).  The burden rests with Defendant to demonstrate eligibility for a sentence reduction.  *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, Defendant has not shown the presence of all three conditions.  First, after considering the relevant 18 U.S.C. § 3553(a) factors, the court finds that they do not support compassionate release.  The 193-month sentence accurately reflects the nature and circumstances of the offenses, Defendant's history and characteristics, and the gravity of the crimes.  *See* § 3553(a).  It also promotes respect for the law, protects the public, ensures just punishment, and deter others from committing similar offenses.  *See id.*

Second, the court has evaluated each of Defendant's proposed reasons, including nonretroactive amendments to the Sentencing Guidelines, alleged sentence severity, claimed disparities in sentencing, and post-offense rehabilitation. Whether considered independently or collectively, in the context of Defendant's individualized circumstances and U.S.S.G. § 1B1.13(b), these reasons do not rise to

the level of extraordinary and compelling.  Third, a sentence reduction would not align with U.S.S.G. § 1B1.13.

Accordingly, it is ORDERED that Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 1028) is DENIED.

DONE this 11th day of February, 2026.

                                      /s/ W. Keith Watkins
                          UNITED STATES DISTRICT JUDGE